UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

————————————————————— )
                                                   )
STEVE SCHONBERG,                   )
                                                   )
              Plaintiff,                   )
                                                   )
              v.                               )  Civil Action No. 10-2040 (JWR-CKK-RWR)
                                                   )
FEDERAL ELECTION                    )
COMMISSION <u>et al.</u>,              )
                                                   )
              Defendants.             )
————————————————————— )


<u>MEMORANDUM ORDER</u>

Pro se plaintiff has filed a motion to disqualify the
attorneys representing defendant Federal Election Commission
("FEC"), arguing principally that this suit's purported threat to
the existence of the FEC creates a conflict of interest.[1]
Plaintiff claims that the FEC attorneys have a proprietary
interest in the cause of action because their continued
employment depends on the FEC obtaining a favorable judgment.

—————————————————

[1] Plaintiff maintains that his motion should be granted as
conceded because the defendant filed its opposition three days
late.  Plaintiff filed his motion on January 3, 2011.  Local
Civil Rule 7(b) provides that an opposition is due within
fourteen days of the date of service of the motion.  When the
last day falls on a holiday, the period runs until the end of the
next day that is not a Saturday, Sunday, or holiday.  Fed. R.
Civ. P. 6(a)(1)(C).  Because January 17, 2011 was a holiday, the
period ran until January 18, 2011.  Plaintiff served his motion
via the Court's CM/ECF system, so the defendant had an additional
three days from January 18, 2011 to serve its opposition.  Fed.
R. Civ. P. 5(b)(3) and 6(d); LCvR 5.4(c)(1).  The defendant filed
timely its opposition on January 21, 2011.

(Pl.'s Mot. to Disqualify at 3 (citing Model Rules of Prof'l
Conduct R. 1.8 (2004).)

   A motion to disqualify counsel faces a particularly high
burden where there is no "serious question as to counsel's
ability to act as a zealous and effective advocate for the
client[.]"  Koller v. Richardson-Merrell Inc., 737 F.2d 1038,
1056 (D.C. Cir. 1984) vacated on other grounds, 472 U.S. 424
(1985).  The rationale behind prohibiting an attorney from
acquiring a proprietary interest in a cause of action is to
prevent the attorney from placing his interest in his own payment
ahead of his efforts to achieve his client's recovery, and from
refusing his client's guidance on major decisions in the suit.
See Xcentric Ventures, LLC v. Stanley, No. CV-07-954-PHX-NVW,
2007 WL 2177323, at *5 (D. Ariz. July 27, 2007).

   Plaintiff's arguments lack merit.  The prospect of the
plaintiff's suit placing in jeopardy the FEC attorneys' continued
employment would align closely the interests of the FEC and its
attorneys, as the attorneys' livelihoods would be entirely
contingent on their client's success.  The FEC attorneys would
therefore have a greater, not a lesser, incentive to advocate
zealously for their client.  No conflict of interest exists.  Cf.
Springer v. Henry, 435 F.3d 268, 283 n.13 (3d Cir. 2006).
Moreover, even if judgment is entered in the plaintiff's favor,
his complaint does not challenge the constitutionality of the

Federal Election Campaign Act's disclosure provisions, <u>see, e.g.</u>, 2 U.S.C. § 434, the Presidential Election Campaign Fund Act, 26 U.S.C. § 9001 <u>et seq.</u>, or the Presidential Primary Matching Payment Account Act, 26 U.S.C. § 9031 <u>et seq.</u>  Because the FEC has a role to play in administering these statutes, the plaintiff's suit does not threaten the FEC's existence or its attorneys' continued employment.  To the extent plaintiff seeks "appropriate sanctions" for an alleged lack of candor by FEC attorneys (Pl.'s Mot. to Disqualify at 3), he offers no basis for so finding and, in any event, disqualification in these circumstances would not be an appropriate remedy.  <u>Cf.</u> <u>Gordon v. Dadante</u>, No. 1:05-CV-2726, 2009 WL 2732827, at *8 (N.D. Ohio Aug. 26, 2009) (noting that "[n]ot every arguable misrepresentation [to the Court] merits the drastic sanction of disqualification").  Accordingly, it is hereby

ORDERED that plaintiff's motion [16] to disqualify be, and hereby is, DENIED.

SIGNED this 1st day of February, 2011.


_____/s/_____
JUDITH W. ROGERS
United States Circuit Judge


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge


_____/s/_____
RICHARD W. ROBERTS
United States District Judge